UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-2644 |
| | ) |
| H&M HENNES & MAURITZ, L.P., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Daniel Kelly ("Kelly"), brings this action against Defendant, H&M Hennes & Mauritz, L.P. ("Defendant"), alleging that Defendant violated his rights under the Americans with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

**PARTIES**

2. Kelly is a resident of the State of Indiana, who at all times relevant resided in Indianapolis, Indiana.

3. Defendant is a company doing business in Indianapolis, Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.

5. Plaintiff is an "employee" as defined by 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5).

7. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because all facts, events, and

transactions giving rise to this lawsuit occurred in Indianapolis, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

8. Kelly satisfied his obligations to exhaust administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Kelly received his right-to-sue notice from the EEOC and now timely files this lawsuit.

## FACTUAL ALLEGATIONS

9. Kelly began working for Defendant in November 2011.

10. At all relevant times, Kelly's position was Distribution Center Manager.

11. At all relevant times, Kelly's work performance met or exceeded Defendant's reasonable expectations.

12. Kelly is a qualified individual with a disability and/or has a record of disability, and/or is perceived by Defendant to have a disability.

13. Kelly was able to perform all of the essential functions of his job with a reasonable accommodation.

14. In September 2016 Kelly was taking medication related to an orthopedic injury and had been suffering psychological impacts on his behavior and decision making.

15. As a result of this condition, Kelly sent an inappropriate email to a vendor concerning an ongoing contract dispute.

16. Defendant confronted regarding the email. Plaintiff's supervisor, Eva DicCecco, met with Kelly and Kelly's disability and its impact on his job performance were discussed. Kelly

     requested a reasonable accommodation. DicCecco requested that Kelly obtain and provide information from his medical provider. DicCecco did not suggest or imply that Kelly's employment was at risk or that Defendant could not provide the requested accommodation. Kelly was placed on paid leave as a reasonable accommodation.

17. Kelly provided appropriate documentation to the defendant related to his disability and requesting reasonable accommodations. In October, 2016 Kelly returned to work without incident. Two days later, without warning, Kelly was terminated.

18. Before Kelly submitted paperwork related to his requested accommodation, there was no discussion of termination. DicCecco specifically told Kelly he would not be terminated. Only after Kelly requested the accommodation was he terminated.

19. Kelly's request for reasonable accommodations related to his disability constituted a protected activity under the ADA.

20. Defendant terminated Kelly because of his disability and/or in retaliation for engaging in statutorily protected activity.

21. Any reason given by Defendant for the adverse actions taken against Kelly are pretextual.

22. Other similarly situated individuals who were not disabled and had not engaged in a statutorily protected behavior were not subjected to similar behavior. Another non-disabled employee sent disrespectful emails to clients and/or vendors and was not disciplined.

23. Defendant discriminated against Kelly because of his disability, record of disability and/or Defendant's perception of Kelly's disability, and/or because of Kelly's request for a reasonable accommodation.

24. Kelly has suffered and continues to suffer injuries as a result of Defendant's unlawful actions.

## CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION

25. Kelly incorporates by reference paragraphs 1-24 of his Complaint as if the same were set forth at length herein.

26. Kelly is a qualified individual with a disability, has a record of disability and/or is perceived by Defendant as having a disability.

27. Defendant terminated Kelly because of his disability, record of disability and/or Defendant's perception of Kelly as having a disability.

28. Defendant has accorded more favorable treatment to similarly situated employees who did not have a disability, record of disability, and/or perception of disability.

29. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

30. Kelly has been harmed as a result of Defendant's unlawful actions.

### COUNT II - FAILURE TO ACCOMMODATE

31. Kelly incorporates by reference paragraphs 1-30 of his Complaint as if the same were set forth at length herein.

32. Kelly requested a reasonable accommodation for his disability in the form of leave and after-hours communications.

33. Defendant unreasonably denied Kelly's request for a reasonable accommodations.

34. Defendant failed to engage in the interactive process.

35. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

36. Kelly has been harmed as a result of Defendant's unlawful actions.

## COUNT III - DISABILITY RETALIATION

37. Kelly incorporates by reference paragraphs 1-36 of his Complaint as if the same were set forth at length herein.

38. Kelly engaged in protected activity when he requested a reasonable accommodation.

39. Defendant subjected Kelly to retaliation for requesting a reasonable accommodation, including, but not limited to, disciplining and terminating Kelly.

40. Defendant's actions were intentional, willful, and in reckless disregard of Kelly's rights as protected by the ADA.

41. Kelly has been harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Daniel Kelly, by counsel, respectfully requests that the Court find for his and order that Defendant:

    a. Reinstate Kelly to the same position, salary, and seniority, or in the alternative pay Kelly front pay and benefits in lieu of reinstatement;

    b. Pay lost wages and benefits to Kelly;

    c.      Pay compensatory and punitive damages to Kelly;

    d.      Pay pre- and post-judgment interest to Kelly;

    e.      Pay Kelly's reasonable attorneys' fees and costs incurred in pursuing this matter; and

    f.      Provide to Kelly any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49

## DEMAND FOR JURY TRIAL

Plaintiff, Daniel Kelly, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

Attorneys for Plaintiff
Daniel Kelly

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
	kwilson@jhaskinlaw.com